1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT
9                     FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   FELIPE POLANCO. DIAZ,                       No. 2:24-cv-3339 CSK P
12              Plaintiff,                       ORDER
13        v.
14   GENA JONES, et al.,
15              Defendants.
16

17        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C.

18   § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This

19   proceeding was referred to this Court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20        Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).

21   Accordingly, the request to proceed in forma pauperis is granted.

22        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C.

23   §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in

24   accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the Court will

25   direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

26   and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly

27   payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

28   These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

As discussed below, plaintiff's complaint is dismissed with leave to amend.

I.     SCREENING STANDARDS

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Murphy, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.

Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

The Civil Rights Act

To state a claim under § 1983, a plaintiff must demonstrate:  (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation.  See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates.  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury.  Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011).

II.     PLAINTIFF'S COMPLAINT

Plaintiff names four defendants:  Gena Jones, Warden, California Health Care Facility ("CHCF"); C. Heu, Correctional Officer, CHCF; Yang; Correctional Officer, CHCF; and J. Purtle, Lieutenant, CHCF.

In his first claim, plaintiff, who is wheelchair bound, alleges the following civil rights violations:  First Amendment right to petition the government for redress of grievances and "A.D.A."  (ECF No. 1 at 3.)  Specifically, plaintiff alleges that defendant C. Heu conducted an illegal and unwarranted search and seizure, violated his duty of official ethics by not calling his

3

sergeant to supervise and control the situation, and used excessive force when mitigation was available under prison regulations. (Id.) Plaintiff contends defendant Yang falsified a report and conspired to convict plaintiff, and conspired by not reporting illegal search. (Id.) Plaintiff alleges defendant Lt. Purtle "allowed an illegal warrantless conviction on" plaintiff, and "allowed officials to conspire under his supervision and authority." (Id.) Finally, plaintiff alleges defendant Warden Jones "allowed all officials to openly serve their vindictive conduct and all becoming co-conspirators intending escape from liability of intentional tort." (Id.) In the injury section, plaintiff writes, "warrantless search and seizure/due process to redress issue/false arrest – excessive use of force/hold to face an infamous crime without the equal protection of the rights." (Id.)

In his second claim, plaintiff alleges the following civil rights violations: Fourth, Fifth, Fourteenth Amendments; unreasonable search and seizure; deprivations of life, liberty, property and due process of law. (Id. at 4.) Specifically, plaintiff alleges defendant C. Heu executed a warrantless search, falsified an arrest conviction, and coerced, threatened, intimidated and used excessive force to prevent plaintiff from contacting the sergeant. (Id. (citing California law).) Plaintiff alleges that defendant Yang supported all illegal actions by defendant C. Heu and falsified plaintiff's arrest and conviction. (Id.) Plaintiff alleges defendant Lt. Purtle "allowed an illegal warrantless conviction on" plaintiff, and "conspire[d] to allow his officers wishes [to] go all out, under his supervision and authority." (Id.) Plaintiff contends defendant Warden Jones "allowed all officials to punish, harass, intimidate and endanger [plaintiff's] life with her officials becoming co-conspirators intending escape from liability from an intentional tort, also respondeat superior." (Id.) As injury, plaintiff states he has "been forced and threatened, falsely incarcerated and constitutionally stepped on." (Id.)

As relief, plaintiff seeks money damages, and any other relief the Court deems proper. (Id. at 6.)

III.     DISCUSSION

Plaintiff's allegations are too vague and conclusory for the Court to determine whether plaintiff can state a cognizable claim. His conclusory allegations concerning arrest, "search and

4

seizure," warrantless search and conviction are unclear because plaintiff has been in the custody of the California Department of Corrections ("CDCR") since July 2, 2008,[1] and correctional officers generally do not need warrants to search inmates or their cells due to security concerns inherent in prisons. See Hudson v. Palmer, 468 U.S. 517, 524 (1984) ("imprisonment carries with it the circumscription or loss of many significant rights."). Plaintiff includes no specific facts as to what was searched, what was seized, the nature of the alleged falsified conviction, or the circumstances surrounding the alleged excessive force; indeed, he does not even identify where in the prison the alleged violations occurred.

Plaintiff is advised that prisoners have no Fourth Amendment right of privacy in their cells. See Palmer, 468 U.S. at 525-26; Mitchell v. Dupnik, 75 F.3d 517, 522 (9th Cir. 1996); see also Seaton v. Mayberg, 610 F.3d 530, 534 (9th Cir. 2010) (recognizing that a right of privacy in traditional Fourth Amendment terms is fundamentally incompatible with the continual surveillance of inmates and their cells required to ensure security and internal order). Generally, strip searches do not violate the Fourth Amendment rights of prisoners. See Michenfelder v. Sumner, 860 F.2d 328, 333-34 (9th Cir. 1988). Also, routine visual body cavity searches do not violate prisoners' Fourth Amendment rights. See Bell v. Wolfish, 441 U.S. 520, 558 (1979); Thompson v. Souza, 111 F.3d 694, 700 (9th Cir. 1997).

Moreover, allegations of harassment, embarrassment, and defamation are not cognizable under section 1983. Rutledge v. Arizona Bd. of Regents, 660 F.2d 1345, 1353 (9th Cir. 1981), aff'd sub nom. Kush v. Rutledge, 460 U.S. 719 (1983); see also Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1982) (allegations of harassment with regards to medical problems not cognizable); Ellingburg v. Lucas, 518 F.2d 1196, 1197 (8th Cir. 1975) (Arkansas state prisoner does not have cause of action under § 1983 for being called obscene name by prison employee); Batton v. North Carolina, 501 F.Supp. 1173, 1180 (E.D.N.C. 1980) (mere verbal abuse by prison

---

[1] This information was obtained from the CDCR Inmate Locator website, https://ciris.mt.cdcr.ca.gov/ (accessed Apr. 18, 2025). The Court may take judicial notice of public records available on online inmate locators. See United States v. Basher, 629 F.3d 1161, 1165 (9th Cir. 2011) (taking judicial notice of Bureau of Prisons' inmate locator available to the public); see also Foley v. Martz, 2018 WL 5111998, at *1 (S.D. Cal. Oct. 19, 2018) (taking judicial notice of CDCR's inmate locator).

officials does not state claim under § 1983). Nor are allegations of mere threats cognizable. See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (mere threat does not constitute constitutional wrong, nor do allegations that naked threat was for purpose of denying access to courts compel contrary result). In addition, section 1983 provides no redress for prison officials' mere violation of state prison regulations. See Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009) (section 1983 claims must be premised on violation of federal constitutional right); Sweaney v. Ada Cnty., Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (section 1983 creates cause of action for violation of federal law).

Further, a "complaint alleging that an officer filed a false report, by itself, fails to state a claim upon which relief can be granted." Koch v. Austin, 2006 WL 403818, at *5 (E.D. Cal. Feb. 16, 2006), adopted by 2006 WL 842585 (E.D. Cal. Mar. 28, 2006); see also Poe v. Huckaby, 2010 WL 1663141, at *6 (E.D. Cal. Apr. 22, 2010) (dismissing without leave to amend claim that correctional officers violated the Eighth Amendment by filing a false report regarding an excessive force incident, because the "filing of the false reports occurred after the attacks" and therefore, the "false reports cannot be said to have caused or contributed to the unconstitutional use of excessive force").

Moreover, plaintiff's allegations as to defendants Lt. Purtle and Warden Jones are based solely on their supervisory roles and fail to state a cognizable civil rights claim. Conclusory allegations concerning a conspiracy are insufficient. A conspiracy claim brought under § 1983 requires facts demonstrating (1) "an agreement or meeting of the minds to violate constitutional rights," Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2002) (internal quotation marks and citation omitted); and (2) an "actual deprivation of his constitutional rights. Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (internal quotation marks and citation omitted). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." Fox, 312 F.3d at 441 (internal quotation marks and citation omitted).

Therefore, plaintiff's complaint must be dismissed. The Court provides plaintiff with the standards governing an Eighth Amendment excessive force claim.

1    <u>Eighth Amendment</u>

2    The following legal standards apply to an excessive force claim.  "In its prohibition of
3    'cruel and unusual punishments,' the Eighth Amendment places restraints on prison officials, who
4    may not . . . use excessive physical force against prisoners."  <u>Farmer v. Brennan</u>, 511 U.S. 825,
5    832 (1994) (citing <u>Hudson v. McMillian</u>, 503 U.S. 1 (1992)).  "[W]henever prison officials stand
6    accused of using excessive physical force in violation of the [Eighth Amendment], the core
7    judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore
8    discipline, or maliciously and sadistically to cause harm."  <u>McMillian</u>, 503 U.S. at 6-7 (citing
9    <u>Whitley v. Albers</u>, 475 U.S. 312, 320-21 (1986)).  When determining whether the force was
10   excessive, we look to the "extent of the injury. . . , the need for application of force, the
11   relationship between that need and the amount of force used, the threat 'reasonably perceived by
12   the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'"
13   <u>McMillian</u>, 503 U.S. at 7 (citing <u>Whitley</u>, 475 U.S. at 321).  While de minimis uses of physical
14   force generally do not implicate the Eighth Amendment, significant injury need not be evident in
15   the context of an excessive force claim, because "[w]hen prison officials maliciously and
16   sadistically use force to cause harm, contemporary standards of decency always are violated."
17   <u>McMillian</u>, 503 U.S. at 9 (citing <u>Whitley</u>, at 327).

18   IV.   LEAVE TO AMEND

19   The Court finds the allegations in plaintiff's complaint so vague and conclusory that it is
20   unable to determine whether the current action is frivolous or fails to state a claim for relief.  The
21   Court determines that the complaint does not contain a short and plain statement as required by
22   Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint
23   must give fair notice and state the elements of the claim plainly and succinctly.  <u>Jones v. Cmty.</u>
24   <u>Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some
25   degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  <u>Id.</u>
26   Because plaintiff failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint
27   must be dismissed.  However, the Court grants plaintiff leave to file an amended complaint.
28   If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

7

about which he complains resulted in a deprivation of plaintiff's constitutional rights. See, e.g., West, 487 U.S. at 48. Also, the complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."  Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated:  April 22, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/diaz3339.14n

1
2
3
4
5
6
7
8            UNITED STATES DISTRICT COURT
9        FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   FELIPE POLANCO. DIAZ,              No. 2:24-cv-2339 CSK P
12              Plaintiff,
13        v.                            NOTICE OF AMENDMENT
14   GENA JONES, et al.,
15              Defendants.
16
17        Plaintiff submits the following document in compliance with the court's order
18   filed on _____ (date).
19
20              ☐    Amended Complaint
21              (Check this box if submitting an Amended Complaint)
22   DATED:
23                                      _____
                                        Plaintiff
24
25
26
27
28