UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIPE POLANCO DIAZ, | No. 2:24-cv-3339 DC CSK P |
| Plaintiff, | |
| v. | ORDER |
| GENA JONES, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed a motion for ninety day extension of time to file an amended complaint. (ECF No. 11.) As set forth below, the pending findings and recommendations are vacated, and plaintiff is granted sixty days to file an amended complaint.

I. BACKGROUND

On April 22, 2025, plaintiff's complaint was dismissed, and plaintiff was granted thirty days to file an amended complaint. (ECF No. 7.) Thirty days passed, and plaintiff did not file an amended complaint or otherwise respond to the April 22, 2025 order. Based on plaintiff's failure to file an amended complaint, on June 12, 2025, the Court recommended that this action be dismissed without prejudice. (ECF No. 10.) Objections were due in fourteen days. (Id.)

On June 29, 2025, plaintiff signed his motion for a ninety day extension of time. (ECF No. 11 at 2.) Plaintiff was transferred to Kern Valley State Prison on April 18, 2025. (Id. at 1.)

1

On April 21, 2025, plaintiff sought access to the law library, but from April 21, 2025, to May 14, 2025, his requests were ignored. (Id.) Plaintiff obtained law library access on June 11, 2025. (Id.) Plaintiff also claims that Kern Valley State Prison has been on lockdown for months (May and June 2025), denying plaintiff access to the law library. (Id. at 2.) Plaintiff states that he has had no time to advance this case, "without access to law library and make copy duplicates for his paperwork." (Id.)

II.     DISCUSSION

Initially, the Court observes that plaintiff's motion is untimely. His amended complaint was due on May 22, 2025, and objections to the findings and recommendations were due on June 26, 2025. Under the mailbox rule, plaintiff's motion was filed June 29, 2025. Given plaintiff's inability to access the law library, the Court will consider plaintiff's untimely filing. However, plaintiff is cautioned that in the future he should seek extensions of time well before the court's deadline expires.

On April 22, 2025, the Court screened plaintiff's complaint and provided plaintiff with the standards governing his claims. Plaintiff's complaint was dismissed primarily because he failed to allege sufficient facts to support the violations he claimed. Plaintiff does not need to cite case law or other legal authorities in his amended complaint. While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted). Although legal conclusions

can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth.  Id.

The Court finds that plaintiff has not shown good cause to support his request for an additional 90 days to file his amended complaint.  In an abundance of caution, plaintiff is granted sixty days to file an amended complaint.

III.   CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations (ECF No. 10) are vacated.

2. Plaintiff's motion for an extension of time (ECF No. 11) is partially granted.

3. Plaintiff is granted sixty days from the date of this order in which to file an amended complaint.

4. The Clerk of the Court is directed to send plaintiff the form for filing a civil rights complaint by a prisoner.

Dated:  July 10, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/diaz3339.36

3